**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 05-00741-VAP (PLAx)                             Date:  November 19, 2013

Title:   CARS 4 CAUSES -v- CARS WITH A CAUSE, INC., A CALIFORNIA CORPORATION, JACOB G. COLBERT, JR., AN INDIVIDUAL; AND DOES 1 THROUGH 10, INCLUSIVE
=================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                         None Present
    Courtroom Deputy                                Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                                              DEFENDANTS:

    None                                                       None

PROCEEDINGS:     MINUTE ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE RE: CIVIL CONTEMPT OF CONSENT JUDGMENT AND AN ORDER FOR EXPEDITED DISCOVERY (DOC. NO. 9) (IN CHAMBERS)

    Before the Court is a Motion for an Order to Show Cause Re: Civil Contempt of Consent Judgment and an Order for Expedited Discovery (Doc. No. 9) ("Motion"), filed by Plaintiff Cars 4 Causes ("Plaintiff") against Cameron L. Arballo ("Arballo"), Works of Life International Ministries, Inc. ("WLIM"), Works of Life Ministries, Online Car Donation.Org, Inc., Boats With Causes.Org, Giving Center, and With Causes, Inc. (collectively, "Respondents") on September 10, 2013.  After consideration of the papers in support of, and in opposition to, the Motion, as well as the arguments advanced at the November 18, 2013 hearing, the Court DENIES the Motion.

CV 05-00741-VAP (PLAx)
CARS 4 CAUSES v. CARS WITH A CAUSE, INC., and JACOB G. COLBERT, JR.
MINUTE ORDER of November 19, 2013

## I. BACKGROUND

On January 31, 2005, Plaintiff filed a Complaint against Defendants Cars With a Cause, Inc. ("CWAC"), and Jacob G. Colbert, Jr. ("Colbert") (collectively, "Defendants"), alleging that Defendants' use of the name "Cars With A Cause" in connection with the marketing of charitable automobile donation services infringed Plaintiff's "Cars 4 Causes" trade name and service mark (Doc. No. 1).  On June 2, 2005, Plaintiff filed for dismissal of CWAC (Doc. No. 7).  Also on June 2, 2005, the parties filed a Stipulation for Judgment (Doc. No. 8) ("Stipulation"), in which (1) the parties waived the entry of findings of facts and conclusions of law by the Court, (2) Colbert, to whom CWAC assigned the "carswithacause.org" internet domain name, stipulated to the transfer of ownership of "carswithacause.org" to Plaintiff, and (3) the parties agreed that the Consent Judgment to be issued by the Court "shall conclude all claims between the parties arising out of the subject matter of this action."  (Stip. at 2-3.)  The Court then issued a Consent Judgment (Doc. No. 8) ("Consent Judgment"), ordering, in part, as follows:

> 2.  Defendant JACOB G. COLBERT, JR. ("defendant") and his principals, agents, servants, successors and assigns and/or other representatives, and all persons acting in concert or participation with him, are permanently enjoined and restrained from all further use of the tradename "CARS WITH A CAUSE" and the domain name "carswithacause.org" or any other term confusingly similar to plaintiff's "CARS 4 CAUSES" service mark, tradename and domain names containing the CARS 4 CAUSES designation in connection with the advertising, distribution, offering for sale or sale of any charitable vehicle donation program services or any other business of defendant of any kind in the United States.
>
> 3.  Pursuant to the Stipulation for Judgment between the parties and as further provided in Network Solutions' standard service agreement with its Registrants, Registrar Network Solutions, LLC is ordered to transfer ownership of the domain name "carswithacause.org" presently registered in the name of defendant "CARS WITH A CAUSE, INC." but which has been assigned by a separate agreement between named defendant Cars With a Cause, Inc. and Jacob G. Colbert, Jr. to plaintiff CARS 4 CAUSE[S].

(Consent Judgment at 2.)

CV 05-00741-VAP (PLAx)
CARS 4 CAUSES v. CARS WITH A CAUSE, INC., and JACOB G. COLBERT, JR.
MINUTE ORDER of November 19, 2013

      On December 14, 2011, Plaintiff instituted a separate action ("2011 Action") by filing a Complaint ("2011 Complaint") against WLIM and Arballo, alleging infringement of Plaintiff's trademarks and service marks.  (See Complaint, Cars 4 Causes v. Works of Life International Ministries, Inc., No. 2:11-CV-10315-VAP-PLAx (C.D. Cal. Dec. 14, 2011), ECF No. 1 ("Cars 4 Causes II").)  After WLIM and Arballo filed a Motion to Dismiss the 2011 Complaint for failure to state a claim, the Court granted the Motion to Dismiss with leave to amend on September 28, 2012.  (See Order Granting Defendants' Motion to Dismiss, Cars 4 Causes II, ECF No. 25.)  On October 22, 2012, Plaintiff filed a First Amended Complaint for (1) declaratory judgment of noninfringement of service mark, "Boats 4 Causes," (2) service mark infringement, (3) false designation of origin, (4) cyberpiracy, (5) cancellation of federal service mark registrations, (6) unfair trade practices; (7) trade name infringement, (8) common law unfair competition, (9) common law service mark infringement, and (10) common law trade name infringement.  (See First Amended Complaint, Cars 4 Causes II, ECF No. 27.)  On November 13, 2013, WLIM and Arballo filed an Answer to the First Amended Complaint.  On November 20, 2012, WLIM filed a Counterclaim against Plaintiff, to which Plaintiff filed an Answer on December 6, 2012.  On August 6 and 9, 2013, the parties met for a settlement conference, without success.  (See Minutes of Settlement Conference, Cars 4 Causes II, ECF No. 50.)

      On September 10, 2013, in the instant action, Plaintiff filed the Motion with a Memorandum of Points and Authorities ("Mem. P. & A."), Declaration of Edouard V. Rosa ("Rosa Decl."), and Declaration of Patti Palmer ("Palmer Decl."), asserting Respondents (consisting of Arballo and WLIM, and various entities and internet domain names controlled by Arballo and WLIM) were in contempt of the Consent Judgment the Court issued on June 2, 2005.  (Mot. at 1-2.)  Plaintiff argues the Consent Judgment is binding on Arballo because he was the administrative contact person for carswithacause.org and thus was "an agent of CWAC and [Colbert]." (Mem. P. & A. at 9.)  Plaintiff further argues the Consent Judgment also is binding on WLIM and other Respondents, because they are controlled by Arballo and are "aiding and abetting Arballo's violation" of the judgment.  (Id. at 6, 10.)  Plaintiff asserts that Respondents have used trade names and service marks that are confusingly similar to Plaintiff's "CARS 4 CAUSES" mark – such as "carswithacause.net, cars4acause.org, cars4acause.com, carswithcauses.com,

carswithcauses.net, carswithcauses.org," "Cars 2 Causes, Inc., Boats With Causes, Boat Causes, Computer 4 Causes," and additional combinations of "With Causes" names.  (Id. at 11-12.)  Plaintiff further asserts these uses constitute service mark infringement, unfair competition, and cyberpiracy in violation of the Consent Judgment.  (Id. at 13-16.)  Thus, Plaintiff seeks an award of damages in excess of $500,000, plus attorneys' fees and costs, and posting of a $500,000 bond against Respondents until the Court issues sanctions.  (Id. at 17.)  Furthermore, Plaintiff requests expedited discovery of Respondents, given the need to guard against destruction, alteration, or concealment of evidence relevant to the Motion.  (Id.)

On October 28, 2013, Respondents filed their Opposition to the Motion (Doc. No. 20) ("Opposition"), with declarations by Arballo and Bruno W. Tarabichi.  Respondents assert that none of them "have any association with the enjoined defendant Jacob G. Colbert" in this action, as they "are not officers, agents, servants, employees, principals, successor and assigns, or representatives of Jacob G. Colbert," nor "in active concert of participation with Jacob G. Colbert."  (Opp'n at 4, 8-12.)  Respondents argue "Plaintiff's entire Motion for Contempt is premised on a single 2005 WHOIS record [registration record for internet domain names] printout showing Mr. Arballo as the administrative contact for the carswithacause.org domain name when it was owned by Cars With A Cause, Inc., not Jacob G. Colbert."  (Id. at 4 (emphasis in the original); see Rosa Decl. Ex. 13.)  Respondents further argue the 2005 WHOIS record does not prove that Arballo is bound by the Consent Judgment because (1) the record indicates only that the domain name was registered to CWAC (which had already been dismissed from this action when the Consent Judgment was issued) and Arballo who, as the administrative contact for the domain name, was at best a representative of CWAC, not of Colbert; (2) that the assignment of "carswithacause.org" from CWAC to Colbert "proves" that Colbert did not own the domain name when Arballo was listed as the administrative contact and thus Arballo could not be Colbert's agent; and (3) for Arballo to be bound now by the Consent Judgment, Arballo must be a current agent of Colbert, and Plaintiff provides no such evidence.  (Opp'n at 10-12.)  Furthermore, Respondents contend Plaintiff has not shown that any of the Respondents have used marks or domain names that infringe upon Plaintiff's trademarks or are confusingly similar to "Cars 4 Causes."  (Id. at 14-19.)  Finally, Respondents assert Plaintiff has not provided sufficient evidence of damages, nor shown a need for expedited discovery.  (Id. at 24-25.)

CV 05-00741-VAP (PLAx)
CARS 4 CAUSES v. CARS WITH A CAUSE, INC., and JACOB G. COLBERT, JR.
MINUTE ORDER of November 19, 2013

On November 4, 2013, Plaintiff filed a Reply to the Opposition (Doc. No. 21) ("Reply") with Objections to Respondents' Evidence filed with the Opposition (Doc. No. 22) and Declarations by Edouard Rosa and Patti Livingston (Doc Nos. 23, 24). Plaintiff argues in the Reply that the Consent Judgment applies to Arballo because "the totality of evidence" supports a finding that Arballo "is legally identified" with Colbert and CWAC, which was "an agent of [Colbert] and therefore bound" by the Consent Judgment. (Reply at 1.) In support of this contention, Plaintiff points to Arballo's alleged creation of multiple entities and domain names that are similar to "Cars 4 Causes," his alleged use of multiple aliases for himself, and his allegedly inconsistent statements in his declaration filed with the Opposition and in his deposition testimony in the 2011 Action. (Id. at 1-2.) Plaintiff contends these "raise an inference of a close legal identification" with both Colbert and CWAC. (Id. at 2.) Plaintiff then reiterates that, through association with Arballo and by acting in concert with each other to infringe Plaintiff's marks, other Respondents also are bound by the Consent Judgment. (Id. at 2-3.)

## II.  LEGAL STANDARD

District courts have the inherent power to enforce their orders through civil contempt. Spallone v. United States, 493 U.S. 265, 276 (1990); Cal. Dep't of Soc. Servs. v. Leavitt, 523 F.3d 1025, 1033 (9th Cir. 2008). A party to the original action may invoke the Court's power by initiating a proceeding for civil contempt. Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 444-45 (1911).

To establish liability, the party alleging contempt must demonstrate by clear and convincing evidence that the alleged contemnor violated a specific and definite order of the Court by failing to "take all reasonable steps within the party's power to comply." In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993). Upon such a showing, the burden shifts to the alleged contemnor to demonstrate why they were unable to comply. FTC v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999).

A court generally may not enjoin a non-party to the action before it. Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394-95 (Fed. Cir. 1996) (citing Alemite Mfg. Corp. v. Staff, 42 F.2d 832 (2d Cir. 1930)). A party

CV 05-00741-VAP (PLAx)
CARS 4 CAUSES v. CARS WITH A CAUSE, INC., and JACOB G. COLBERT, JR.
MINUTE ORDER of November 19, 2013

who acts in concert with an enjoined party, however, may be subject to the strictures of an injunction.  See Alemite, 42 F.2d at 833.  These common law principles are codified in Federal Rule of Civil Procedure ("FRCP") 65(d)(2)(C), which provides that an injunction binds "other persons who are in active concert or participation with [the parties]."  "Active concert or participation" has been interpreted to include privies of and others legally identified with the enjoined party and aiders and abettors of the enjoined party's violations.  See Golden State Bottling Co. v. NLRB, 414 U.S. 168, 179-80 (1973) (citing Regal Knitwear Co. v. NLRB, 324 U.S. 9, 14 (1930)); Nat'l Spiritual Assembly of the Baha'is of the U.S. of Am. Under the Hereditary Guardianship, Inc. v. Nat'l Spiritual Assembly of the Bahá'ís of the U.S. of Am., Inc., 628 F.3d 837, 848-49 (7th Cir. 2010) (allowing enforcement of an injunction against nonparties who "aid[ ] or abet[ ] an enjoined party in violating an injunction" — or are "in 'privity' with[,]" "successors in interest to[,]" or are "otherwise 'legally identified' with the enjoined party").

      Similarly, a judgment may be enforced against non-parties, as provided for in FRCP 70 and 71.  "Rule 71 was intended to assure that process be made available to enforce court orders in favor of and against persons who are properly affected by them, even if they are not parties to the action."  Westlake N. Property Owners Ass'n v. Thousand Oaks, 915 F.2d 1301, 1304 (9th Cir. 1990).  "[T]o be held liable in contempt, it is necessary that a non-party respondent must either abet the defendant [in violating the Court's order] or be legally identified with him."  NLRB v. Sequoia Dist. Council of Carpenters, 568 F.2d 628, 633 (9th Cir. 1977) (internal quotation marks omitted).  In addition, the non-party must have notice of the order.  See id.; see also Peterson v. Highland Music, Inc., 140 F.3d 1313, 1323 (9th Cir. 1998) (a non-party may properly be held in contempt if the non-party is given notice of the court's order and either abets the defendant in violating the order or is legally identified with the defendant); Stotler & Co. v. Able, 870 F.2d 1158, 1164 (7th Cir. 1989); Quinter v. Volkswagen of Am., 676 F.2d 969, 972-73 (3d Cir. 1982).  Application of a judgment on non-parties "depends on an appraisal of [the non-parties'] relations and behavior and not upon mere construction of terms of the order."  Regal Knitwear, 324 U.S. at 15.

      District courts have wide latitude in determining whether there has been a contemptuous violation of its order and broad equitable power to order appropriate

CV 05-00741-VAP (PLAx)
CARS 4 CAUSES v. CARS WITH A CAUSE, INC., and JACOB G. COLBERT, JR.
MINUTE ORDER of November 19, 2013

relief.  FTC v. EDebitPay, LLC, 695 F.3d 938, 945 (9th Cir. 2012); Stone, 968 F.2d at 856.  Appropriate sanctions may be imposed to coerce the contemnor into compliance with the Court's order, to compensate the complainant for losses sustained as a result of the contemptuous behavior, or both.  United States v. United Mine Workers, 330 U.S. 258, 303-04 (1947); United States. v. Bright, 596 F.3d 683, 696-97 (9th Cir. 2010).

### III.  DISCUSSION

As the parties recognize in their papers, to establish that Respondents are in contempt of the Consent Judgment, Plaintiff must first prove by clear and convincing evidence that Respondents are subject to the Consent Judgment.  See In re Dual-Deck, 10 F.3d at 695.  Plaintiff must prove that either Respondents were Colbert's "principals, agents, servants, successors and assigns and/or other representatives" (parties in privity with or otherwise "legally identified with" Colbert), or Respondents aided and abetted Colbert's violation of the Consent Judgment.  (See Consent Judgment at 2; Sequoia Dist. Council, 568 F.2d at 633.)  After showing that Respondents are subject to the Consent Judgment, Plaintiff must prove by clear and convincing evidence that Respondents have used "Cars With a Cause," "carswithacause.org," or "any other term confusingly similar to [P]laintiff's 'Cars 4 Causes'" marks and designations "in connection with the advertising, distribution, offering for sale or sale of any charitable vehicle donation program services or any other business of [Colbert] of any kind in the United States."  (See Consent Judgment at 2.)

As set forth below, the Court finds Plaintiff has failed to prove with clear and convincing evidence that Respondents are bound by the Consent Judgment, as Plaintiff has not shown Respondents are legally identified with Colbert or aided and abetted Colbert in violating the Consent Judgment.

First, the Court notes Plaintiff has not alleged that Colbert violated the Consent Judgment, or that Respondents directly acted in concert with Colbert or actively participated in any violation committed by Colbert.  Thus, the only remaining way the Court can find that Respondents are bound by the Consent Judgment is to determine that Respondents are in privity with or otherwise legally identified with Colbert.  (See Consent Judgment at 2; Sequoia Dist. Council, 568 F.2d at 633.)

CV 05-00741-VAP (PLAx)
**CARS 4 CAUSES v. CARS WITH A CAUSE, INC., and JACOB G. COLBERT, JR.**
MINUTE ORDER of November 19, 2013

    Plaintiff's argument that Respondents are legally identified with Colbert hinges on the existence of an agency relationship between Colbert and Arballo, as it is only through Arballo that Plaintiff seeks to prove that other Respondents, allegedly controlled by Arballo, are bound by the Consent Judgment.  (See Mem. P. & A. at 3-4, 6-7, 9-10; Reply at 2-3.)  Plaintiff contends "the totality of evidence" establishes that Arballo was an agent of Colbert and CWAC, and thus "legally identified" with Colbert and CWAC, which was "an agent of Colbert and therefore bound" by the Consent Judgment. (Mem. P. & A. at 9; Reply at 1.)  Plaintiff also contends "a pattern of registering multiple corporations by Arballo" since the Court issued the Consent Judgment, Arballo's activities that allegedly infringe upon Plaintiff's trade name and service marks, and inconsistent statements Arballo gave "as to his true relationship with . . . CWAC and [Colbert] . . . raise an inference of a close legal identification with both [Colbert] and CWAC."  (Reply at 2.)  Plaintiff, however, fails to identify the specific evidence establishing that Arballo was an agent of Colbert, or that CWAC was an agent of Colbert, and cites only generally to the exhibits attached to Palmer and Rosa Declarations.  (See Mem. P. & A. at 9-10; Reply at 1-3.)  Plaintiff also fails to show how Arballo's allegedly infringing activities and inconsistent statements regarding his relationship with CWAC and Colbert prove clearly and convincingly that Arballo is legally identified with Colbert so as to bind him to the Consent Judgment.

    In the Motion and the Reply, Plaintiff only establishes that "Arballo was the Administrative Contact for" carswithacause.org and carswithacause.com, and that Arballo, in his deposition testimony in the 2011 Action, confirmed that he "was the Administrative Contact for the carswithacause.net domain name when owned by defendant Cars With A Cause, Inc. and the WHOIS Record references the email address of worksoflife@gmail.com[,] the email also used by Arballo."  (Id. at 3, 7; see also Rosa Decl. Exs. 11, 13.)  As Respondents correctly point out, these facts could establish that Arballo was a representative of CWAC, but does not establish that he was an agent of Colbert.  (See Opp'n at 10-12.)

    In support of its contentions, Plaintiff appears to analogize, without any analysis, Arballo to one of the appellants, George Hoskins, in G. & C. Merriam Co. v. Webster Dictionary Co., Inc., 639 F.2d 29 (1st Cir. 1980), who left the enjoined

CV 05-00741-VAP (PLAx)
**CARS 4 CAUSES v. CARS WITH A CAUSE, INC., and JACOB G. COLBERT, JR.**
MINUTE ORDER of November 19, 2013

defendant company in that case, formed a nearly identical company, and was found to be in contempt of the injunction issued by the district court against the defendant company.  (See Mem. P. & A. at 10; Reply at 1-2.)  Plaintiff is technically correct in asserting that the First Circuit held in Merriam that Hoskins, who had a key role in the enjoined company, "could be 'legally identified' with the enjoined corporation and therefore held in contempt for using a newly formed company to circumvent the [i]njunction."  (Mem. P. & A. at 10.)  Plaintiff, however, does not fully represent Merriam's holding.  The First Circuit, though it indeed found Hoskins could be legally identified with the enjoined defendant and found in contempt of the injunction, remanded the issue to the district court, as it was not clear whether Hoskins had his day in court on the validity of the injunction, so as to make him and corporations founded by him subject to the injunction.  See Merriam, 639 F.2d at 38-40.  In other words, the First Circuit held that Hoskins could be bound by the injunction binding his former company, only if "this is a case of the same person continuing to do essentially the same thing with the same high degree of practical control, discretion and responsibility, before and after the injunction, with knowledge of the injunction, and after participating in the enjoined firm's corporate decisionmaking regarding its position in the injunction proceedings."  Id. at 38.  Here, Plaintiff has not shown the existence of any direct agency relationship between Colbert and Arballo or between Colbert and other Respondents, much less the kind of close relationship found in Merriam.  Nor has Plaintiff established that CWAC was an agent of Colbert, or even alleged that Respondents participated in Colbert's "decisionmaking regarding [his] position in the injunction proceedings."  See id.  Thus, after applying Merriam's test for finding legal identification, the Court finds that Plaintiff has failed to prove with clear and convincing evidence that Respondents are bound by the Consent Judgment.

Plaintiff also cites Additive Controls, in support of its contention that Arballo was enjoined by the Consent Judgment through his legal identification with Colbert.  (See Mem. P. & A. at 10.)  As is the case with Merriam, however, Plaintiff's citation to Additive Controls fails to support its contention.  In that case, the Federal Circuit affirmed the district court's contempt finding against Galen Cotton, who was the incorporator and long-time sole shareholder of Additive Controls ("AdCon"), the enjoined plaintiff company, owned at least 90% of AdCon's stock when AdCon was enjoined, and served as its president and represented the company's interest

CV 05-00741-VAP (PLAx)
CARS 4 CAUSES v. CARS WITH A CAUSE, INC., and JACOB G. COLBERT, JR.
MINUTE ORDER of November 19, 2013

throughout the litigation against the defendant. Additive Controls, 154 F.3d at 1352. While still serving as AdCon's president, Cotton founded a different company, then resigned from AdCon. Id. Given these facts, the Federal Circuit found that "Cotton was legally identified with AdCon and therefore remained subject to contempt sanctions for violating the injunction even after resigning from his position as AdCon's president." Id. In so ruling, the Federal Circuit held that "an officer is legally identified with a corporation if the officer is so identified in interest with those named in the decree that it would be reasonable to conclude that [the officer's] rights and interests have been represented and adjudicated in the original injunction proceeding." Id. (citations omitted). Here, as discussed above, Plaintiff has failed to prove with clear and convincing evidence that Arballo or any Respondent was in privity with Colbert, or that Arballo's or any Respondent's "rights and interests have been represented and adjudicated in the original injunction proceeding" when the Court issued the Consent Judgment. See id. Thus, after applying the test in Additive Controls for determining legal identification, the Court finds that Plaintiff has failed to show with clear and convincing evidence that Respondents are bound by the Consent Judgment.

Having found that Plaintiff has failed to prove with clear and convincing evidence that Respondents are bound by the Consent Judgment, the Court does not find it necessary to determine whether Respondents have infringed Plaintiff's trade name, trademark, and service mark, particularly as that issue is the subject of the 2011 Action. As Respondents are not subject to the Consent Judgment, they cannot be in contempt of the Consent Judgment, and Plaintiff fails to show good cause for subjecting Respondents to expedited discovery.

## V. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for an Order to Show Cause Re: Civil Contempt of Consent Judgment and an Order for Expedited Discovery.

**IT IS SO ORDERED.**