```
 1                    UNITED STATES DISTRICT COURT

 2                   CENTRAL DISTRICT OF CALIFORNIA

 3                     EASTERN DIVISION-RIVERSIDE

 4                               - - -

 5        HONORABLE VIRGINIA A. PHILLIPS, JUDGE PRESIDING

 6                               - - -

 7  CARS 4 CAUSES, a California         )
    Corporation,                        )
 8                                      )
                        Plaintiff,      )
 9                                      )
                 vs.                    )   No. CV 05-741 VAP
10                                      )
    CARS WITH A CAUSE, INC., a          )
11  California Corporation, et al.,     )
                                        )
12                      Defendants.     )
    _____)
13

14
                REPORTER'S TRANSCRIPT OF ORAL PROCEEDINGS
15
                          Riverside, California
16
                       Monday, November 18, 2013
17
                               1:58 p.m.
18

19

20

21

22              PHYLLIS A. PRESTON, CSR, FCRR
                Federal Official Court Reporter
23               United States District Court
                      3470 Twelfth Street
24              Riverside, California 92501
                       (951) 205-7959
25                   stenojag@aol.com
```

```
 1  APPEARANCES:
 2
 3  For the Plaintiff:
 4                    EDOUARD ROSA
                      Attorney at Law
 5                    28047 Dorothy Drive, Suite 305
                      Agoura Hills, California 91301
 6
 7
 8
 9  For the Defendants:
10                    RAJ ABHYANKER, P.C.
                      BY:  BRUNO TARABICHI
11                    1580 W. El Camino Real, Suite 13
                      Mountain View, California 94040
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1            MONDAY, NOVEMBER 18, 2013; RIVERSIDE, CALIFORNIA
 2                              -o0o-
 3            THE CLERK:  Item No. 6, LACV 05-741 VAP, Cars 4
 4   Causes v. Cars with a Cause.
 5            Counsel, please state your appearance.                      01:58
 6            MR. ROSA:  Good afternoon, Your Honor.  Edouard Rosa
 7   on behalf of Cars 4 Causes.  My client is present, too.  Patty
 8   Livingston is present in court also, Your Honor.
 9            THE COURT:  Thank you.
10            MR. TARABICHI:  Your Honor, Bruno Tarabichi of Raj         01:58
11   Abhyanker, P.C., on behalf of non-parties Cameron Arballo,
12   Works of Life Ministries, Inc., Works of Life Ministries,
13   Online Car Donation.org, Inc., Boats With Causes.org, Giving
14   Center and With Causes, Inc.
15            THE COURT:  Have both of you seen the tentative?           01:58
16            MR. ROSA:  Yes, Your Honor.
17            THE COURT:  I have a question for both sides.  Is
18   Mr. Colbert or Colbert, is he still alive?
19            MR. ROSA:  Your Honor, that was -- I can't represent
20   to the Court that he's still alive, but in light of today's         01:59
21   ruling I'll be investigating that.  If I may, Your Honor, and I
22   believe in my reply -- in the reply -- in our reply brief we
23   cited to Mr. Arballo's deposition, Your Honor, where
24   Mr. Arballo indicated that obviously he had a relationship with
25   Mr. Colbert.  He couldn't recall specifically if he was ever an     01:59
```

1   officer or a director of the now suspended corporation;
2   however, I would respectfully submit, Your Honor, that the
3   totality of evidence submitted to this Court by way of
4   Mr. Arballo's deposition testimony under penalty of perjury,
5   the evidence of the suspended corporations with the California        02:00
6   Secretary of State, the numerous domain names that Mr. Arballo
7   has either had registered himself or controls that registration
8   activity, that there is a clear intent by Mr. Arballo to either
9   willfully infringe Cars 4 Causes service marks, or at the
10  minimum, Your Honor, to come as close as possible to my               02:00
11  client's marks to confuse the marketplace.
12           In fact, Your Honor, the proof's in the pudding.  Two
13  exhibits were submitted with respect to the U.S. Patent and
14  Trademark Office's office actions pertaining to two
15  Intent-to-Use applications that Giving Center applied for.  And      02:01
16  the examining attorney issued, Section 2(d), section likelihood
17  of confusion, rejections on those two marks, namely, Motorcycle
18  Causes.org and Boat Causes.
19           The record is replete showing, Your Honor, that my
20  client is not only an established California corporation since       02:01
21  1997, and under the *Accuride* -- the Ninth Circuit *Accuride*
22  decision, I would submit, Your Honor, that on that basis alone
23  that my client has a prima facie right to the exclusive use to
24  that trade name, to the Cars 4 Causes trade name.  In
25  California as well as under the *Accuride* of rationale, when a      02:01

1  trade name is an issue, the decisional law applies the same
2  likelihood of confusion standard with respect to trade names as
3  they apply to trademarks and service marks.
4          And in view of my client's long standing existence in
5  California as well as their family of marks, four of those                02:02
6  marks, Your Honor, are incontestable.  And under the Lanham
7  Act, Section 1057(c), in essence, that's prima facie evidence
8  of their exclusive right to use those marks in commerce, and
9  they're not subject to any type of cancellation proceeding
10 absent a showing of fraud in the patent office or management,             02:02
11 which I respectfully submit, Your Honor, that the evidence does
12 not show that.
13         Now, going back to your specific question on
14 Mr. Colbert, again, the evidence shows that Mr. Arballo was his
15 administrative contact.  They used the same postal address.  In           02:03
16 fact, as the evidence shows, not only Works of Life
17 International Ministries, Inc., the current Nevada corporation,
18 but the remaining contempt respondent corporations also use
19 that same identical P.O. box.
20         Interestingly, the deposition testimony also shows                02:03
21 that really they don't have any established place of business.
22 Mr. Arballo claims that he keeps no business records.  He keeps
23 no records whatsoever concerning any car donations.  He keeps
24 no records concerning any receipts given to donors.  In fact,
25 in view of his testimony, Your Honor, it also appears that                 02:04

```
 1  Mr. Arballo and the corporations that he controls are in clear
 2  violation of the IRS guidelines.
 3           THE COURT:  Well, that may all be the case, but the
 4  question is, as he was not a party to the contempt order,
 5  whether or not he's paid his taxes, whether, you know -- a lot          02:04
 6  of the things that you are arguing have limited relevance to
 7  the question before the Court for this motion.  Now, the other
 8  case has been transferred to me and some of the things that
 9  you're arguing about may have relevance in the long run for the
10  other case, but they don't have much relevance for this motion         02:04
11  when the Court is dealing with a non-party to the consent
12  judgment entered in this case.
13           MR. ROSA:  Yes, Your Honor.  I appreciate your
14  holding with respect to that; however, if I may, from the
15  standpoint of the identity of interest between Mr. Arballo and         02:05
16  Mr. Colbert, who was the named individual --
17           THE COURT:  Correct.
18           MR. ROSA:  -- as part of the consent judgment, our
19  position is, and based on case law and the inherent power of
20  this Court, to make sure that non-parties as well as parties           02:05
21  obey the command of a Court --
22           THE COURT:  Well, the Court's power to do that is
23  limited for a non-party.  You must show by clear and convincing
24  evidence that there is an identity of interest and there is
25  actual or constructive knowledge, but clear and convincing             02:05
```

1  evidence is what's missing here.  You're saying that the Court
2  should look at the totality of the evidence, all of which
3  you've offered is circumstantial.
4          MR. ROSA:  Your Honor, I believe that the Court has
5  the inherent power to look beyond the clear and convincing
6  standard relative to under the Federal Rules in terms of
7  enforcing consent judgments.
8          THE COURT:  When you say look beyond the clear and
9  convincing standard, are you really arguing that I should apply
10 a lower standard than clear and convincing evidence?  I mean,
11 what do you mean when you say we should look beyond clear and
12 convincing?
13         MR. ROSA:  Well, clear and convincing evidence, at
14 the end of the day, I would submit that there's a weighing
15 approach.  So what constitutes clear and convincing evidence, I
16 would submit, is based on the totality of evidence.  And the
17 totality of evidence clearly shows that Mr. Arballo is not only
18 -- he not only has disregarded California corporate law
19 concerning maintaining compliance with the Franchise Tax Board
20 laws, he is also a -- unfortunately, he's a convicted -- a
21 felon.  And it goes -- that goes to the heart of his
22 credibility.  The statements that he has made, Your Honor, in
23 his declaration, in my view, there is no foundation to
24 establish the trustworthiness of those baldly asserted
25 statements.

| | | |
|---|---|---|
| 1 | THE COURT: But you have the burden of proof by clear | |
| 2 | and convincing evidence of showing that this non-party is in | |
| 3 | contempt of court. And if you're trying to meet that burden by | |
| 4 | saying, well, he's a convicted felon and he does business in a | |
| 5 | sloppy manner and he hasn't complied with the California | 02:08 |
| 6 | Franchise Tax Board, I don't think that comes close to meeting | |
| 7 | the standard here -- | |
| 8 | MR. ROSA: Well, Your Honor -- | |
| 9 | THE COURT: -- whether it's the end of the day or the | |
| 10 | beginning of the day. | 02:08 |
| 11 | MR. ROSA: Yes, Your Honor. From the standpoint of | |
| 12 | the clear and convincing standard, the fact that Mr. Arballo | |
| 13 | did have a closer relationship with Mr. Colbert, in fact, they | |
| 14 | used the same telephone number, they used the same Post Office | |
| 15 | box address, and the other telling evidence in this case, Your | 02:08 |
| 16 | Honor, is that Mr. Arballo, after being put on notice of the | |
| 17 | consent judgment, that he went ahead and incorporated other | |
| 18 | businesses that had very close similarities with the Cars 4 | |
| 19 | Causes trade. | |
| 20 | THE COURT: Well, some of them did. I mean, I don't | 02:09 |
| 21 | know that Boats 4 a Cause, I don't think I would describe that | |
| 22 | as -- I mean the only thing it has in common is the word | |
| 23 | "cause" really. | |
| 24 | MR. ROSA: Well, under the family of marks, Your | |
| 25 | Honor, I would submit, again, that the dictionary meaning of | 02:09 |

```
 1  vehicle encompasses boats, airplanes --
 2            THE COURT:  The Vehicle Code meaning -- the
 3  California Vehicle Code meaning does not.  It really means
 4  something that's designed to be transported on a highway, not a
 5  waterway.                                                           02:09
 6            MR. ROSA:  Well, that may be true but at least the
 7  layman's -- the dictionary meaning, for example, Merriam
 8  Webster or any other layman's dictionary, setting apart the
 9  Department of Motor Vehicles, the Vehicle Code, does, in fact,
10  include the definition that airplanes, boats, RVs, jet skis,       02:09
11  they all fall under the vehicle classification.
12            And also, Your Honor, mentioning Boats With Causes,
13  our client has a federally registered service mark registration
14  for Boats 4 Causes, so from the standpoint of an evidentiary
15  argument that the fact that Cars 4 Causes has a valid and          02:10
16  subsisting federal registration for Boats 4 Causes indicates
17  that under the Lanham Act that they have exclusive rights to
18  use that mark for the services identified in the registration
19  throughout the United States through interstate commerce.
20            And the fact that Mr. Arballo consciously chose,         02:10
21  knowing of the existing Boats 4 Causes registration, to file an
22  application also for Boats With Causes, Your Honor, which is
23  part of the record, he not only filed an application for Boats
24  With Causes, which the examining attorney cited my client's
25  prior existing registration as a Section 2(d) refusal, but         02:11
```

1  during the pendency of the lawsuit which, Your Honor, now has
2  been transferred to you, Mr. Arballo's law firm filed, knowing
3  of the existence of the Boats 4 Causes registration, a second
4  application for Boat Causes which the U.S. Patent Trademark
5  Office has also issued a Section 2(d) rejection.                02:11
6           So this pattern of conduct, Your Honor, that
7  Mr. Arballo, he's bound intent to ever ever since 2006 and then
8  he basically stopped, and then he kind of resurrected his
9  infringing activity.  He's not only using -- he's not only
10 attempting to register marks that are confusingly similar to my  02:12
11 client's family of marks, but he is boldly obtaining domain
12 name registrations that are clearly infringing on my client's
13 service marks, as in your tentative decision, Your Honor.
14          THE COURT:  As you say in your papers, the issue is
15 not infringement at this stage for this motion.                  02:12
16          Mr. Tarabichi, do you wish to respond to some of
17 these arguments?
18          MR. TARABICHI:  Sure.  I think opposing counsel has
19 raised a lot of issues that I'm happy to address in terms of
20 trademark law.  I don't think they're very relevant to whether   02:12
21 an order to show cause should be issued.  I think, you know,
22 the threshold issue is whether they're bound by the injunction.
23 And the injunction is clearly against Mr. Colbert.
24          To answer your question from earlier, I don't know
25 anything about Mr. Colbert.  Never met him.  Never talked to     02:13

1  him.  And my client has not talked to him in got to be years.
2  Has no relationship.  Doesn't know where he is or what he's
3  doing, if he's alive or not.
4         And I also wanted to address something Mr. Rosa said
5  early on in terms of characterizing Mr. Arballo as not knowing    02:13
6  whether he was an officer or a director of Cars With a Cause,
7  Inc.  He did put in a declaration in opposition to the motion
8  saying he was not.  And also Cars With a Cause, Inc., is not
9  the named party in the injunction anyway.  So I agree with the
10 tentative, the only evidence is that who is record showing        02:13
11 Mr. Arballo as the administrative contact for the domain name
12 on behalf of Cars With a Cause, Inc., prior to the injunction
13 even being issued.
14        So I don't see any evidence in the record proving
15 that Mr. Arballo or any of the other non-parties are directors,   02:14
16 officers, agents of the individual Jacob Colbert or that he's
17 violating the order and they're, you know, aiding and abetting
18 him.  So I don't think there's a basis and certainly not clear
19 and convincing evidence to find him to be -- or find the
20 non-parties to be bound by the junction.                          02:14
21        In terms of, you know, some of the trademark issues
22 that Mr. Rosa raised, I think those are all being litigated in
23 the other case.  I think there is, you know -- trademark -- the
24 registrations and ex parte prosecution from the U.S. Patent and
25 Trademark Office, that's not determinative.  What controls is     02:14

| | | |
|---|---|---|
| 1 | first use.  And that's what parties litigate about.  So even | |
| 2 | if, you know, the examining attorney at the USPTO issued an | |
| 3 | office action, that doesn't mean that they have exclusive | |
| 4 | rights.  It's who used the mark first in commerce.  And I put | |
| 5 | in Exhibit F to my declaration which showed printouts from | 02:15 |
| 6 | archive.org, shows the non-parties using their marks back in | |
| 7 | 2006, Boats With Causes, Computers With Causes, all those | |
| 8 | marks, long before they adopted any mark except Cars 4 Causes. | |
| 9 | So what the USPTO is or isn't doing isn't relevant | |
| 10 | when there is a dispute between the parties.  That gets handled | 02:15 |
| 11 | either in federal court, which it will since we have another | |
| 12 | case, or in front of the U.S. Patent and Trademark Offices, | |
| 13 | Trademark Trial and Appeal Board, which deals with, you know, | |
| 14 | inter-parties disputes regarding trademark rights. | |
| 15 | The examining attorney, all he or she can do is look | 02:15 |
| 16 | at what trademarks were filed before the trademark application | |
| 17 | he or she is examining.  And that's why they issued those | |
| 18 | refusals.  They're not, you know -- they're not -- courts are | |
| 19 | not bound and the TTAB, the Trademark Trial and Appeal Board, | |
| 20 | isn't bound by those decisions by examining attorneys.  Those | 02:16 |
| 21 | get handled in litigation, whether administrative or federal. | |
| 22 | I'm happy to answer any questions the Court has, but | |
| 23 | I basically would be reiterating everything that's in the | |
| 24 | opposition and tentative order. | |
| 25 | THE COURT:  All right.  I'm going to take the matter | 02:16 |

```
 1   under submission and I'll consider the arguments raised today.
 2              You can return your copies of the tentative to the
 3   clerk.  Thank you.
 4              MR. ROSA:  Your Honor, may I, just one other request.
 5   If at the minimum, that in view of the deposition testimony          02:16
 6   that Mr. Arballo was less than cooperative in providing
 7   information concerning ownership of domain names, the addresses
 8   which counsel for Mr. Arballo represented they would provide
 9   us, that at the minimum, we would respectfully request that
10   expedited discovery be allowed for those issues that we              02:16
11   identified in our motion.
12              THE COURT:  Mr. Tarabichi.
13              MR. TARABICHI:  Your Honor, he's talking about
14   factual discovery in the other case.  And fact discovery has
15   already closed in the other case and so has the date for             02:17
16   discovery motions, non-expert discovery motions in that case.
17   I talked to Mr. Rosa about opening -- moving dates, opening
18   dates in that case to allow for additional discovery.  He did
19   not stipulate to it.  I think it's inequitable now for him to
20   have unilateral discovery in that case.                              02:17
21              THE COURT:  I'm not going to order, whether it's
22   called expedited discovery or anything else today.  To the
23   extent that there's a discovery motion in this case, it needs
24   to be heard by the magistrate judge.  There should be -- the
25   magistrate judge in this case is Judge Abrams, but who's the        02:18
```

```
 1  magistrate judge in the other case?
 2          MR. ROSA:  Judge Hillman, Your Honor.  At least based
 3  on the transfer order, the discovery issues were transferred to
 4  Magistrate Judge Abrams, I believe, Your Honor, the way that
 5  your order read.                                                  02:18
 6          THE COURT:  Well, in this case they're in front of
 7  Judge Abrams.  But has Judge Hillman heard discovery motions in
 8  the other case?
 9          MR. ROSA:  No.
10          THE COURT:  All right.  They should be heard in front   02:18
11  of Judge Abrams.  Thank you.
12          MR. ROSA:  Thank you, Your Honor.
13          THE COURT:  Please return your copies of the
14  tentative to the clerk.
15                      (Proceedings concluded)                      02:18
16                              -o0o-
17
18
19
20
21
22
23
24
25
```

```
 1                    C E R T I F I C A T E

 2

 3                 DOCKET NO. CV 05-741 VAP

 4
           I hereby certify that pursuant to Section 753,
 5   Title 28, United States Code, the foregoing is a true and
     accurate transcript of the stenographically reported
 6   proceedings held in the above-entitled matter and that the
     transcript page format is in conformance with the regulations
 7   of the Judicial Conference of the United States.

 8

 9

10

11    /S/ Phyllis A. Preston       DATED:  January 9, 2014

12   Federal Official Court Reporter

13   License No. 8701
```