Edouard V. Rosa, (SB 108600)
E-mail: *evrosalaw@att.net*
LAW OFFICES OF EDOUARD V. ROSA
28047 Dorothy Drive, Suite 305
Agoura Hills, California 91301
Telephone: (818) 735-0590
Facsimile: (818) 735-0594

Attorney for Plaintiff,
CARS 4 CAUSES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CARS 4 CAUSES, a California Corporation | ) ) ) **Case No.: CV 05 00741 VAP (PLAx)** |
| Plaintiff, | ) ) ) **DECLARATION OF EDOUARD V. ROSA IN SUPPORT OF PLAINTIFF'S OPPOSITION TO NON-PARTIES' MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 11** |
| v. | ) ) ) |
| CARS WITH A CAUSE, INC., a California Corporation, JACOB G. COLBERT, JR., an individual and DOES 1 Through 10, inclusive. | ) ) ) DATE:  February 10, 2014 TIME: 2:00 P.M. COURTROOM: 2 JUDGE: HON VIRGINIA A. PHILLIPS |
| Defendants. | ) ) ) ) |

I, EDOUARD V. ROSA declare as follows:

1.   I am the attorney of record for plaintiff CARS 4 CAUSES ("Plaintiff") in the above entitled action.

2.   I have personal knowledge of the facts stated herein and would and could competently testify thereto if called as a witness.

3.   Attached hereto as Exhibit 1 and Exhibit 2 respectively are true and correct copies of the Articles of Incorporation for CARS WITH A CAUSE, INC. filed on March 18,

1  2004, in the Office of the Secretary of State of the State of California for the corporate

2  defendant in the above entitled action which names the Rev. Jacob G. Colbert Jr. as the

3  Incorporator, the named individual defendant in the above entitled action and a Business

4  Entity Detail obtained from the California Secretary of State Web site for CARS WITH

5  A CAUSE, INC., which indicates a status of Suspended.

6  4.      Attached hereto as Exhibit 3 are true and correct copies of a WHOIS Record for

7  carswithacause.net referencing the Administrative, Technical Contact as cars with a

8  cause, inc., worksoflife@gmail.com, 1175 Shaw Avenue #104-149, Clovis, CA 93612,

9  US., phone: (877)700-3276 and indicates the Record was created on March 26, 2006;

10  and the current WHOIS Record for the subject domain name indicating Plaintiff being

11  the owner of record as Registrant effective on the creation date of August 21, 2013.

12  5.      Attached hereto as Exhibit 4 are true and correct copies of an Examiner's

13  Amendment dated 1/12/2007, for the U.S. Trademark Application No. 78936703 for

14  ONLINE CAR DONATION.ORG which identifies the applicant as Works of Life

15  Ministries INC and identifies on page 2 the Amendment being authorized by Cameron

16  Arballo (CEO); and the USPTO TESS Record for U.S. Service Mark Registration for

17  ONLINE CAR DONATION.ORG with Registration No. 3255855 and Application

18  Serial No. 78936703 owned by Works of Life Ministries, INC., a California corporation.

19  6.      Attached hereto as Exhibit 5 are true and correct copies of pages 1 and 2 of the

20  Works of Life Web Site Home Page which references the ONLINE CAR

21  DONATION.ORG service mark on page 2.

22  7.      Attached hereto as Exhibit 6 are true and correct copies of a Service Mark

23  Application Serial No. 85945852 for BOAT CAUSES whose Applicant is GIVING

24  CENTER a corporation of Nevada and includes a Specimen which consists of a screen

25  shot of Applicant's Website showing the mark as used in commerce.

26  8.      Attached hereto as Exhibit 7 are true and correct copies of page 1 and 5 of the

27  Examiner's Amendment/Priority Action for the BOAT CAUSES application identified

28

1   in paragraph 7 above which indicates on page 5 that Applicant states that Works of Life

2   International Ministries, Inc. is a wholly owned subsidiary of the Giving Center.

3   9.      Attached hereto as Exhibit 8 are true and correct copies of pages 1 and 2 of the

4   Subpoena dated 8/21/2013, issued in the case entitled Cars 4 Causes v. Works of Life

5   International Ministries, Civil Action No.. CV11-10315 DMG (SHx) to New Dream

6   Network, LLC; the Attachment to the Subpoena and Proof of Service.

7   10.     Attached hereto as Exhibit 9 are true and correct copies of an email dated

8   November 26, 2013, from Joel Voelzke the attorney for New Dream Network, LLC dba

9   DreamHost Web Hosting to the undersigned providing information concerning the

10  Account Holder Cameron Arballo in response to the Subpoena identified in Exhibit 8

11  above and a certification of the Declaration of Custodian of Records.

12  11.     With reference to the Declaration of Bruno Tarabichi in Support of Non-Parties'

13  Motion For Sanctions Pursuant To Federal Rule of Civil Procedure 11 counsel for Non-

14  Parties in this action personally served on October 25, 2013, at the Law Offices of the

15  undersigned which originally indicated a hearing date of January 13, 2014, (now noticed

16  for February 10, 2014), Mr. Tarabichi at paragraph 2 states that he had two telephone

17  conferences with the undersigned "meeting and conferring about the Motion for

18  Sanctions" which is an untrue statement.  The telephone conference on August 20, 2013,

19  was to fulfill the requirements under Local Rule 7-3 concerning Plaintiff's proposed

20  Contempt Motion and the October 13, telephone conference was scheduled concerning

21  Mr. Tarabichi's proposed Motion to request a continuance of the Pre-Trial and Trial

22  Dates in the case now before Judge Gee (CV11-10315 DMG (SHx).  However, the

23  undersigned never received a written request under Local Rule 7-3 to meet and confer or

24  a letter or email which to set forth in detail the facts and case law to support WLIM's

25  position on Plaintiff's proposed Contempt Motion requesting the meet and confer as

26  required concerning the Motion for Sanctions served on October 25, 2013.  In addition,

27  the undersigned notified Mr. Tarabichi by email on September 16 and October 28, 2013,

28  concerning the required written request under Local Rule 7 concerning the written

1  grounds for Non-Parties' (Contempt Respondents) proposed Rule 11 motion for

2  sanctions. True and correct copies of the undersigned's emails of September 16 and

3  October 28, 2013, to Mr. Tarabichi concerning the same are attached hereto Exhibit 10.

4  It should also be noted that Mr. Tarabichi's email of September 12, 2013, to the

5  undersigned (See Exhibit C of Mr. Tarabichi's Declaration) is conspicuously silent on

6  the issue of sanctions.  In fact, as the record shows Mr. Tarabichi never sent an email or

7  letter to the undersigned setting forth Non-Parties proposed filing of a motion for

8  sanctions prior to Plaintiff's filing of its Contempt Motion in this action.

9  12.    In contrast, the undersigned fully complied with Local Rule 7-3 concerning

10  Plaintiff's proposed Contempt Motion.  As set forth in the undersigned's Declaration

11  filed on September 10, 2013, in support of Plaintiff's Contempt Motion, which is

12  incorporated herein by reference, at paragraph 19 the undersigned notified Mr. Tarabichi

13  on August 13, 2013, pursuant to Local Rule 7-3 concerning the Non-Parties violation of

14  the Consent Judgment entered on June 2, 2005, and met and conferred with Mr.

15  Tarabichi concerning the August 13 letter (See Exhibit B of Mr. Tarabichi's

16  Declaration). On September 4, 2013, the undersigned sent an email to Mr. Tarabichi

17  informing him that since no written confirmation had been received concerning

18  Contempt Respondents' agreement to cease the infringing conduct and to voluntarily

19  cancel the With Causes and Computer 4 Causes Registrations and to abandon the

20  applications for the designations referenced in the August 13, 2013, letter Plaintiff

21  would proceed with the motion for contempt.

22  13.    With reference to paragraph 3 of Mr. Tarabichi's Declaration, although it is true

23  that the original compliant was filed on December 14, 2011, a First Amended Complaint

24  was filed by Plaintiff on October 22, 2012. WLIM and Mr. Arballo in turn filed their

25  answer on November 13, 2012 and WLIM filed its amended counterclaims on

26  November 20, 2012, in the Cars 4 Causes v. WLIM, et al. case, Case No. CV11-10315

27  VAP (PLAx) was transferred to this Court on November 4, 2013.

28

1   14.     Plaintiff also disagrees with Mr. Tarabichi's characterization of the settlement

2   conference held before Magistrate Judge Hillman.  In this respect, it was the

3   undersigned on behalf of Plaintiff who originally initiated a written settlement proposal

4   to Mr. Tarabichi, counsel for WLIM and Arballo ("WLIM") in the underlying action on

5   April 8, 2013, which was ignored by WLIM's counsel until June 4, 2013, at which time

6   no counter-settlement proposal was provided but only a request for clarification of

7   Plaintiff's letter. Likewise, it was the undersigned who took the initiative to coordinate a

8   settlement conference with Magistrate Judge Hillman wherein settlement was not

9   reached and contrary to WLIM's counsel's assertions the parties never reached the point

10  of being "very close" to settlement.  See the undersigned's email of June 12, 2013, a

11  true and correct copy which is attached hereto as Exhibit 11. Moreover, pursuant to

12  Magistrate Judge Hillman's settlement conference hearing order Plaintiff provided a

13  letter settlement proposal to WLIM's counsel prior to the Settlement Conference

14  hearing.  However, Mr. Tarabichi never provided a letter settlement proposal to the

15  undersigned prior to the Settlement Conference hearing nor was a settlement letter

16  proposal provided to the undersigned at the day of the hearing.

17  15.     The undersigned also rejects Mr. Tarabichi's assertions in paragraphs 5 and 6 as

18  they relate to the basis for not reaching a settlement at the settlement conference held in

19  the C4C v. WLIM action or that the undersigned "began to relentlessly WLIM and Mr.

20  Arballo with a motion for contempt" or his characterization of my August 13, 2013

21  letter as "threatening to file a frivolous Motion for Contempt" as the documentary

22  evidence in this action concerning the same speaks for itself.

23  16.     Mr. Tarabichi's statement in the heading above paragraph 7 of his Declaration as

24  to an "Example of Plaintiff's Bad Faith Tactics in Litigation" is also untrue and is not

25  supported by the evidence of record filed in this action in support of Plaintiff's

26  Contempt Motion. Moreover, Mr. Tarabichi's September 12, 2013, email (Exhibit C or

27  Mr. Tarabichi's Declaration) in which Mr. Tarabichi was requesting a stipulation to

28

1  extend the Court deadline by 60 or 90 days makes <u>no</u> mention of his proposed Rule 11

2  motion for sanctions.

3  17.    Mr. Tarabichi's statement in paragraph 8 of his Declaration that "Plaintiff and its

4  counsel's original agreement to move dates is essentially an admission that the result on

5  the Motion for Contempt in the other case is likely to affect this case."  In this respect,

6  as set forth in the September 12, 2013, email, the undersigned conveyed to Mr.

7  Tarabichi that the requested 60-day continuance was not justified due to Contempt

8  Respondents not ceasing their infringing conduct as requested by Cars 4 Causes and that

9  Cars 4 Causes would continue to suffer irreparable harm if the infringing conduct did

10  not immediately cease.  Moreover, as set forth in Plaintiff's other pleading in this action,

11  a determination of the issues pertaining to Plaintiff's Contempt Motion by this Court

12  would necessarily be conclusive of the issues in Plaintiff's underlying action against

13  WLIM.  With reference to Mr. Tarabichi's statement in paragraph 9 of his Declaration,

14  it should be noted that Mr. Tarabichi delayed for almost a month before contacting the

15  undersigned again to request a continuance which also brings into question Mr.

16  Tarabichi's assertion that he had taken my "word" on the proposed stipulation.  If  Mr.

17  Tarabichi was truly interested in an extension, he could have simply picked up the

18  phone or emailed the undersigned in a timely fashion after the September 12, 2013,

19  email.  (See Exhibit D of Mr. Tarabichi's Declaration).

20  18.    Mr. Tarabichi's statement in paragraph 10 of his Declaration that Plaintiff and the

21  undersigned were "reneging on their agreement" is also not true and not supported by

22  the underlying facts leading up to his request for the stipulation. As Mr. Tarabichi had

23  delayed twenty-seven days to follow-up on his request for a stipulation.  During this

24  period Plaintiff was diligently pursuing its discovery in the C4C v. WLIM action and

25  informed Mr. Tarabichi that any further delay of the scheduled Trial Date including Pre-

26  Trial deadlines would have an adverse effect on Plaintiff as Defendants' on-going

27  willful infringing conduct of Plaintiff's Cars 4 Causes tradename and service marks

28

C4C/201-766/015/EVR DEC. IN SUPPORT OF OPPOSITION

1   would continue to cause irreparable harm to Cars 4 Causes which did not justify any

2   continuance of the current Trial and Pre-Trial Dates.

3   19.     On December 13, 2013, the undersigned received by email from Mr. Tarabichi a

4   letter requesting that Plaintiff pay the Non-Parties Attorneys fees to avoid Non-Parties

5   proceeding with the Rule 11 Motion. The undersigned sent a letter by email on

6   December 17, 2013, rejecting Mr. Tarabichi's offer and indicated that the subject

7   motion for sanctions is not justified and filed in bad faith and requested that Mr.

8   Tarabichi voluntarily refrain from filing Non-Parties' Motion for Sanctions.  However,

9   Mr. Tarabichi did not respond to my written request and instead filed the subject Rule

10  11 Motion on December 31, 2013. True and correct copies of the subject letters are

11  attached hereto as Exhibit 12.

12  20.     The undersigned as of the time of the filing of Plaintiff's Opposition to Non-

13  Parties' Motion for Sanctions Pursuant to Federal Rule 11 has expended 38 hours at my

14  hourly billing rate of $235.00 charged to Plaintiff which totals $8,930.00 and if this

15  Court awards attorneys' to Plaintiff, the undersigned requests leave to file a Declaration

16  setting forth the specific time spent for each task relative to the opposition to Non-

17  Parties' motion for sanction.

18          I declare under penalty of perjury under the laws of the State of California and of

19  the United States of America that the foregoing is true and correct.

20

21  Dated:  January 18, 2014                                    _____

22                                                                              Edouard V. Rosa

23

24

25

26

27

28